**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0142-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WALTER BROWN,

    Defendant-Appellant.

_____

Submitted May 31, 2018 — Decided June 12, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Indictment Nos.
92-05-0556, 92-07-0769 and 93-11-1285.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique Moyse, Designated
Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor,
attorney for respondent (Juda Babuschak
Opacki, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant, Walter Brown, appeals from the April 21, 2016

Criminal Part order that denied, without an evidentiary hearing,

his petition for post-conviction relief (PCR).  In his petition,

he challenged his sentences on three first-degree robbery convictions. He raises two arguments on appeal:

POINT ONE

MR. BROWN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY FOR MITIGATING FACTORS AT SENTENCING.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT MR. BROWN'S PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Having considered defendant's arguments in light of the record and controlling law, we affirm.

This case involves three Mercer County indictments: Nos. 92-05-0556, 92-07-0769, and 93-11-1285. Each indictment charged defendant with first-degree robbery and other offenses. Each indictment was tried to a jury and each jury convicted defendant of first-degree robbery and other offenses. In each instance, the sentencing judge merged the remaining offenses into the first-degree robbery count and sentenced defendant on that crime.

On Indictment No. 92-05-0556, the court sentenced defendant on February 25, 1994, to an extended custodial term of fifty years

with twenty-five years of parole ineligibility. The court ordered defendant to serve the sentence concurrent to a sentence he was serving in Pennsylvania, but consecutive to any sentence imposed for any New Jersey parole violation.

The Appellate Division affirmed defendant's conviction and sentence on Indictment No. 92-05-0556. State v. Brown, No. A-4516-93 (App. Div. May 15, 1995). In that appeal, defendant argued: "THE COURT'S SENTENCING ANALYSIS FAILED TO TAKE INTO ACCOUNT A SIGNIFICANT MITIGATING FACTOR." Id. (slip op. at 2). In rejecting the argument, the court explained:

> Defendant next maintains that the matter should be remanded for resentencing because the trial judge failed to consider defendant's cooperation with authorities as a mitigating factor. The record creates substantial doubt as to defendant's motivation in giving his statements. However, be that as it may, the application of a mitigating factor in a sentencing decision is a matter of discretion. Cannel, New Jersey Criminal Code Annotated, comment 5 on N.J.S.A. 2C:44-1. We find no reason to conclude that the trial judge abused his discretion in failing to consider the factor. This was defendant's second Graves Act offense. The presumptive term for an extended Graves Act sentence is 50 years. N.J.S.A. 2C:44-1(f)(1). The application of that one mitigating factor would not have been enough to conclude that the mitigating factor substantially outweighed the aggravating factors in this instance.
>
> [Id. (slip op. at 4).]

On Indictment No. 92-07-0769, the court sentenced defendant on April 8, 1994, on the first-degree robbery count, to life imprisonment with a parole ineligibility period of twenty-five years. The court ordered defendant to serve the sentence concurrent to a sentence he was serving in Pennsylvania and concurrent to the sentence imposed on Indictment No. 92-05-0556 but consecutive to any sentence imposed for any New Jersey parole violation.

The Appellate Division affirmed defendant's conviction and sentence on Indictment No. 92-07-0769. State v. Brown, No. A-5365-93 (App. Div. Dec. 26, 1995). In his appeal, defendant argued, "THE SENTENCE IMPOSED WAS EXCESSIVE AS THE TRIAL COURT FAILED TO APPLY THE SENTENCING GUIDELINES." Id. (slip op. at 3). In rejecting the argument, the court noted defendant had not disputed he was eligible for an extended term, but rather complained the lengthy term was unjustified. Id. (slip op. at 6). The court determined "the trial judge applied the appropriate legislative guidelines, weighed the appropriate evidence in determining aggravating and mitigating factors, and imposed a sentence that does not shock the judicial conscience in light of defendant's extensive prior criminal history." Ibid.

On Indictment No. 93-11-1285, on the first-degree robbery count, the court sentenced defendant on May 27, 1994, to life

4

imprisonment with a minimum parole ineligibility period of twenty-five years. The court imposed the sentence concurrent to a sentence defendant was serving in Pennsylvania at the time and concurrent to the two other Mercer County indictments but consecutive to any sentence imposed for any New Jersey parole violation.

The Appellate Division affirmed defendant's conviction and sentence on Indictment No. 93-11-1285. State v. Brown, A-0117-94 (App. Div. Mar. 11, 1996). Defendant argued, among other things, "THE EXTENDED TERM OF LIFE IMPRISONMENT WITH A TWENTY-FIVE YEAR TERM OF PAROLE INELIGIBILITY IN THIS CASE IS A MANIFESTLY EXCESSIVE SENTENCE." In rejecting defendant's argument, the court characterized the sentence as "unexceptional." Id. (slip op. at 3). The court explained defendant was subject to a mandatory Graves Act sentence and a discretionary persistent offender extended term. Ibid. Based on its review of the record, the court found the trial judge followed the appropriate sentencing guidelines. Ibid. The court also determined substantial evidence in the record supported the trial court's findings concerning aggravating and mitigating factors. Ibid. Accordingly, the court concluded the sentencing judge did not abuse his discretion in arriving at the prison term imposed. Id. (slip op. at 3-4).

Defendant filed his PCR petition on December 1, 2014, more than twenty years after entry of the last of the judgments of conviction on the three Mercer County indictments. In his petition, under the directive to state with specificity the facts upon which defendant claimed relief, he responded: "Sentences, and any other relief that may come about." In a supplemental verified petition, he argued his constitutional rights were violated and he received an illegal sentence.

In his PCR brief, defendant argued his counsel was ineffective for failing to argue a mitigating factor at sentencing on the first of the two Mercer County indictments. Defendant claimed the trial court should have taken into consideration that he had compensated one victim for the injury the victim sustained and was willing to make restitution to another victim. As to the last of the three indictments, defendant argued his counsel was ineffective for failing to point out the mitigating factor that his conduct was the result of circumstances unlikely to recur. Defendant reasoned that the lengthy prison term he was serving made it unlikely he would reoffend.

Defendant also argued his petition should not be time-barred because the State would not be prejudiced as defendant was only seeking to have his sentence amended.

In a thorough written opinion, Judge Pedro J. Jimenez, Jr., denied defendant's PCR petition without an evidentiary hearing. The judge determined the petition was time-barred by <u>Rule</u> 3:22-12(a)(1) and that defendant had failed to allege any reason to justify the delay in filing the petition. Instead, defendant relied on the fact that the delay would not cause the State any prejudice.

We affirm, substantially for the reasons expressed by Judge Jiminez in his written opinion. Defendant's arguments are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7